IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANA HUBLER-THOMPSON, | : | CIVIL ACTION |
| | : | No. _____  3:24-cv-33 |
| Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| TROOPER AUSTIN WOOLCOCK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

## INTRODUCTION

1. This action for declaratory, injunctive, and other appropriate relief is brought by Plaintiff Lana Hubler-Thompson to redress the intentional violations by Pennsylvania State Trooper Austin Woolcock of the rights secured to her under the Fourth and Fourteenth Amendments of the United States of America.

## JURISDICTION

2. Jurisdiction is conferred upon this court by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 which provide original jurisdiction for Plaintiff's claims.

3. The amount in controversy exceeds one hundred and fifty thousand dollars ($150,000).

## VENUE

4. All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Western District of Pennsylvania and involve a Defendant who resides within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

**PARTIES**

5. Lana Hubler-Thompson is a 59-year-old adult female residing in Morrisdale, Clearfield County Pennsylvania ("Plaintiff").

6. Trooper Austin Woolcock was at all material times a Pennsylvania State Trooper stationed in the Woodland, Clearfield County Pennsylvania barracks ("Trooper Woolcock").

**FACTS**

7. On June 14, 2023 at or around 9:45 p.m., Plaintiff was driving her black Dodge Ram truck home from picking up a 750-pound round bale of hay for the horses at her horse sanctuary.

8. At this time, the weather conditions were wet and foggy.

9. As Plaintiff approached a red light at the intersection of Naulton Road and State Street in Curwensville, Pennsylvania, she witnessed a state police vehicle operated by Trooper Woolcock cross the intersection and immediately perform a U-turn.

10. Once the traffic light at the intersection turned green, Plaintiff turned left on State Road and was immediately followed by Trooper Woolcock for several miles who eventually turned on his vehicle's lights and siren to indicate to Plaintiff to pull her truck over which she did.

11. When Trooper Woolcock approached Plaintiff's vehicle, he informed her that he stopped her because her headlight was out, and she was driving slowly.

12. However, Plaintiff's headlight was fully functioning at the time of this encounter.

13. Further, Plaintiff was driving her truck slowly due to the weather conditions, the darkness on the unlit river road, the fact that she was transporting 750 pounds of hay, and being followed closely for miles by Trooper Woolcock, none of which is illegal.

14. Trooper Woolcock lacked probable cause and/or a reasonable suspicion to stop Plaintiff's vehicle.

15. At some point during this encounter, Trooper Woolcock asked Plaintiff to "take a walk" with him without providing a reason which Plaintiff nonetheless complied with.

16. After Plaintiff exited her vehicle, Trooper Woolcock immediately accused Plaintiff of being under the influence of *meth* and placed her in hand cuffs without any further explanation.

17. However, Plaintiff demonstrated absolutely no signs and symptoms of impairment, much less being under the influence of meth.

18. Nevertheless, Trooper Woolcock proceeded to frisk Plaintiff and search her car and belongings for evidence of narcotics and/or narcotics use.

19. However, Trooper Woolcock would never recover any such evidence because Plaintiff has never consumed drugs or alcohol in her entire life.

20. Despite a complete lack of probable cause, Trooper Woolcock arrested Plaintiff for driving under the influence of drugs and proceeded to transport her to Clearfield Hospital to have her blood drawn.

21. Once Plaintiff's blood was drawn, Trooper Woolcock transported Plaintiff to the Woodland barracks where she was picked up by her son.

22. Upon her son's arrival at the barracks, Trooper Woolcock aggressively confronted him and demanded that he tell him who Plaintiff purchased her meth from to his shock and surprise.

23. The next week, information about Plaintiff's unlawful arrest was published in "The Progress News" which caused her significant embarrassment, reputational harm, and emotional distress.

24. However, Plaintiff was never charged with any crime arising was out of her June 14, 2023 arrest because she was not driving under the influence of meth or any other narcotic for that matter.

## COUNT I
## PLAINTIFF V. TROOPER AUSTIN WOOLCOCK
## 42 U.S.C. § 1983 – FOURTH AMENDMENT UNLAWFUL SEARCH AND SEIZURE

25. Plaintiff incorporates by reference the allegations of the preceding paragraphs herein as though recited verbatim.

26. The Fourth Amendment of the United States Constitution prohibits Trooper Woolcock from conducting a search and seizure of Plaintiff's person and/or property without probable cause.

27. The actions of Trooper Woolcock, as outlined above, constitute an unlawful search and seizure of Plaintiff's person and property under the circumstances.

28. As a direct and proximate result of Trooper Woolcock's above-referenced unlawful search and seizure of Plaintiff's person and property without probable cause under color of state law, Plaintiff sustained severe emotional distress and was deprived of her rights to be secure in her person in violation of her Fourth Amendment rights.

**WHEREFORE**, Plaintiff demands judgment against Trooper Woolcock together with compensatory and punitive damages, injunctive relief, attorney's fees, interest, and costs of suit incurred and for any further relief that this Court deems just and proper under the circumstances.

## COUNT II
## PLAINTIFF V. TROOPER AUSTIN WOOLCOCK
## 42 U.S.C. § 1983 – FOURTH AMENDMENT FALSE ARREST

29. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

30. The Fourth Amendment of the United States Constitution prohibits Trooper Woolcock from arresting Plaintiff without probable cause.

31. The actions of Trooper Woolcock, as outlined above, constitute a false arrest.

32. As a direct and proximate result of Trooper Woolcock's above-referenced false arrest of Plaintiff under color of state law, Plaintiff sustained severe emotional distress and was deprived of her right to be free from false arrest in violation of her Fourth Amendment rights.

**WHEREFORE**, Plaintiff demands judgment against Trooper Woolcock together with compensatory and punitive damages, injunctive relief, attorney's fees, interest, and costs of suit incurred and for any further relief that this Court deems just and proper under the circumstances.

## COUNT III
## PLAINTIFF V. TROOPER AUSTIN WOOLCOCK
## 42 U.S.C. § 1983 –FOURTH AND FOURTEENTH AMENDMENT MALICIOUS PROSECUTION

33. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

34. The Fourth and Fourteenth Amendments of the United States Constitution prohibit Trooper Woolcock from initiating criminal proceedings against Plaintiff without probable cause.

35. The criminal proceedings that Trooper Woolcock initiated against Plaintiff without probable cause were terminated in Plaintiff's favor.

36. The actions of Trooper Woolcock, as outlined above, constitute malicious prosecution.

37. As a direct and proximate result of Trooper Woolcock's above-referenced malicious prosecution of Plaintiff under color of state law, Plaintiff sustained severe emotional distress and was deprived of her right to be free from false arrest in violation of her Fourth and Fourteenth Amendment rights.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment in her favor and against Trooper Woolcock, and to:

   a. Award her injunctive relief;

   b. Award her general and compensatory damages;

   c. Award her exemplary damages;

   d. Award her reasonable attorney's fees, and the costs of this litigation, as well as such interest allowed by law; and

   e. Provide such other relief as this Court deems just and equitable.

Respectfully submitted,

**WILLIAMS CEDAR LLC**

*/s/ Dylan T. Hastings*
Dylan T. Hastings, Esquire
One South Broad Street, Suite 1510
Philadelphia, PA 19107
P: (215) 557-0099
F: (215) 557-0673
dhastings@williamscedar.com
*Attorneys for Plaintiff*

Dated: February 19, 2024